IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BAYER HEALTHCARE, LLC,<br><br>                              Plaintiff;<br>v.<br><br>BAXALTA INCORPORATED, BAXALTA<br>US INC., and NEKTAR THERAPEUTICS,<br><br>                             Defendants. | Civil Action No. 16-1122-RGA |

## MEMORANDUM ORDER

Presently before the Court is Defendant's Partial Motion to Dismiss Plaintiff's Counts 2, 3 and 4 (D.I. 14) and related briefing (D.I. 15, 19, 21). For the reasons that follow, **IT IS HEREBY ORDERED THAT** Defendant's Partial Motion to Dismiss Plaintiff's Counts 2, 3, and 4 (D.I. 14) is **GRANTED** as to induced, contributory, and willful infringement alleged to have occurred prior to December 5, 2016, and otherwise **DENIED**.

Defendants have moved under Rule 12(b)(6) to dismiss Counts 2, 3, and 4 for failure to state a claim. A Rule 12(b)(6) motion may be granted only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the complainant, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

Defendants argue first that as to Counts 2, 3, and 4, which allege induced, contributory, and willful infringement, Plaintiff has not sufficiently alleged the requisite knowledge. (D.I. 15 at 7). It seems to me, as an initial matter, that the dispute here is necessarily limited to the period of time between when the patent issued on June 13, 2016, and when Plaintiff filed suit on December 5, 2016. Defendants do not and could not argue that they did not have knowledge of

the patent after being served with the complaint. Therefore, the only question is whether Plaintiff has adequately alleged knowledge of U.S. Patent No. 9,364,520 ("the '520 patent"), the only patent-in-suit, prior to December 5, 2016. I do not think that Plaintiff has done so. Plaintiff's allegations center on Defendants' alleged knowledge of applications for different patents in the same family as the '520 patent. Knowledge of other patents in the same family as the patent-in-suit can, in some circumstances, allow for a plausible inference that Defendants had actual knowledge of the patent-in-suit. *Elm 3DS Innovations, LLC v. Samsung Elecs. Co.*, 2015 WL 5725768, at *3 (D. Del. Sept. 29, 2015). Alleging knowledge of a parent application, however, strains the bounds of plausibility. "Filing an application is no guarantee any patent will issue . . . [and] the scope of claims in patents that do issue . . . is something totally unforeseeable." *State Indus., Inc. v. A.O. Smith Corp.*, 751 F.2d 1226, 1236 (Fed. Cir. 1985). The only other allegation of knowledge Plaintiff makes is a vague reference to knowledge of Plaintiff's "patent portfolio" as it relates to the parent application. This, even if true, does not add anything to the allegation of knowledge of the '520 patent. I find that Plaintiff has not adequately alleged knowledge of the '520 patent prior to December 5, 2016.

Defendants next argue that Plaintiff's complaint contains no allegations of "egregious behavior," which they contend are necessary to state a claim for willful infringement. (D.I. 15 at 15). At this stage of the litigation, however, Plaintiff need not allege egregiousness. *See Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S.Ct. 1923, 1934 (2016) ("Consistent with nearly two centuries of enhanced damages under patent law, however, such punishment should *generally* be reserved for egregious cases typified by willful misconduct." (emphasis added)). Plaintiff's allegations are sufficient to state a plausible claim for willfulness at this stage of the litigation.

2

Finally, Defendant Nektar argues that Plaintiff has failed to adequately plead, for the induced infringement count, knowledge that induced acts would cause infringement, or, for the contributory infringement count, knowledge that the component Defendant sells would have no substantial noninfringing uses. (D.I. 15 at 16). I disagree. Taking Plaintiff's allegations as true, I think the complaint contains sufficient allegations of fact as to both induced and contributory infringement to state a plausible claim. (*See, e.g.*, D.I. 1 ¶¶22-26, 33-47, 53, 57-58). Therefore, I will deny Defendants' Motion except as to induced, contributory, and willful infringement alleged to have occurred prior to December 5, 2016.

Entered this 10 day of August, 2017.

Richard G. Andrews
United States District Judge

3