Filed in open Court this 4th day of February 2019.

nms.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| BAYER HEALTHCARE LLC | ) |
| Plaintiff, | ) |
| v. | ) C.A. No. 16-1122 (RGA) |
| BAXALTA INCORPORATED, and BAXALTA US INC. | ) |
| Defendants. | ) |

**REDACTED**

## VERDICT FORM

February 4, 2019

## I. FINDINGS ON INFRINGEMENT CLAIMS

### Question 1 – Infringement

Did Bayer prove, by a preponderance of the evidence, that Baxalta has infringed any of the following claims of the '520 patent?

(If you find Baxalta infringed a claim, answer "YES." If you find Bayer did not prove that Baxalta infringed a claim, answer "NO.")

| '520 Patent Claim | Answer |
|---|---|
| Claim 1 | YES |
| Claim 2 | YES |
| Claim 3 | YES |
| Claim 8 | YES |

If you answered "NO" as to claim 1, please skip the remaining questions and go to the last page for signing. Otherwise, please continue to the next question.

**Question 2 – Literal Infringement of "amino acid sequence of SEQ ID NO: 4"**

If you answered "YES" for any claim in Question 1, has Bayer proven by a preponderance of the evidence that the following claim element is literally satisfied: "the amino acid sequence of SEQ ID NO: 4"?

Yes ✓          No _____

**Question 3 – Infringement of "amino acid sequence of SEQ ID NO: 4" Under the Doctrine of Equivalents**

If you answered "YES" in Question 2, please skip this question and continue to the next question. If you answered "NO" in Question 2:

Has Bayer proven by a preponderance of the evidence that the following claim element is satisfied under the doctrine of equivalents: "the amino acid sequence of SEQ ID NO: 4"?

Yes _____          No _____

Please continue to the next question.

## II. FINDINGS ON INVALIDITY

**Question 4 – Obviousness**

Please answer this question only for the claims that you answered "YES" in Question 1.

Did Baxalta prove, by clear and convincing evidence, that the claim is invalid for obviousness?

(If you find that an infringed claim is invalid for obviousness, answer "YES." If you find Baxalta has not proven that an infringed claim is invalid for obviousness, answer "NO.")

| '520 Patent Claim | Answer |
|---|---|
| Claim 1 | NO |
| Claim 2 | NO |
| Claim 3 | NO |
| Claim 8 | NO |

Please continue to the next question.

**Question 5** – Have you found that the claimed inventions of the '520 patent achieve unexpected results? "YES" is a finding in favor of Bayer, and "NO" is a finding in favor of Baxalta.

Yes ✓          No _____

Please continue to the next question.

4

**Question 6 – Enablement**

Please answer this question only for the claims that you answered "YES" in Question 1.

Did Baxalta prove, by clear and convincing evidence, that the claim is invalid for lack of enablement?

(If you find that an infringed claim is invalid for lack of enablement, answer "YES." If you find Baxalta has not proven that an infringed claim is invalid for lack of enablement, answer "NO.")

| '520 Patent Claim | Answer |
|---|---|
| Claim 1 | NO |
| Claim 2 | NO |
| Claim 3 | NO |
| Claim 8 | NO |

Please continue to the next question.

5

### III. FINDINGS ON DAMAGES

**Question 7 – Reasonable Royalty Damages**

Please answer this question only if you have found at least one claim infringed and not invalid.

What is (a) the reasonable royalty rate (in percent), (b) the royalty base (in dollars), and (c) the total amount of damages (in dollars) that results from applying the reasonable royalty rate to the royalty base, that Bayer has proven by a preponderance of the evidence to be entitled to for the time period from June 14, 2016 through November 30, 2018?

(a) Royalty Rate: 17.78 %

(b) Royalty Base: $ 872,836,128

(c) Total Damages: $ 155,190,264

Foreperson

Juror

Juror

REDACTED

Juror

Juror

Juror

Juror

6